NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIANLI JIN, | No. 11-71950 |
| Petitioner, | Agency No. A099-037-564 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014**

Before:      LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Qianli Jin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the agency's finding that Jin's testimony was frequently unresponsive, his lack of candor regarding the church he was attending currently, and his failure to submit reliable evidence to corroborate his claim. *See Huang v. Holder*, 744 F.3d 1149, 1154-55 (9th Cir. 2014); *Shrestha*, 590 F.3d at 1048 (adverse credibility determination was supported by the "totality of the circumstances"). In the absence of credible testimony, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Jin's CAT claim is based on the same testimony the agency found not credible, and he does not point to any other evidence showing it is more likely than not he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**